**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| MELISSA J. EARLL, individually and on behalf of all others similarly situated ) ) ) | |
| Plaintiff, ) ) | Case No. 10-3089 |
| v. ) ) | JURY TRIAL DEMANDED |
| EBAY INC., a Delaware corporation ) ) | CLASS ACTION |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, by and through her attorneys, upon personal knowledge as to herself and her own acts and upon information and belief as to all other matters, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Melissa J. Earll, a profoundly deaf person, brings this action on behalf of herself and all others similarly situated against defendant eBay Inc. ("eBay" or "Defendant") for eBay's unlawful practice of excluding persons who are deaf or hard of hearing from selling items on eBay.com.

2. eBay requires sellers to verify their identities in order to sell items on eBay.com. To do so, eBay places an automated phone call to the would-be seller and requires the would-be seller to verify her identity over the phone.

3. Plaintiff, as a deaf person, cannot communicate vocally by telephone. As a result, she is not able to verify her identity with eBay.

4. eBay steadfastly refuses to offer Plaintiff an alternative means to verify her identity, despite her repeated requests.

5. Thus, eBay has violated and continues to violate the American with Disabilities Act ("ADA") and the California Disabled Persons Act ("DPA") with respect to deaf and hard of hearing persons.

## PARTIES

6. Plaintiff Melissa J. Earll is a resident of the city of Nevada in Vernon County, Missouri.

7. Defendant eBay Inc. is the world's self-described largest online marketplace with 88 million registered users buying and selling $60 billion worth of goods annually. eBay Inc. is a Delaware corporation headquartered in San Jose, California. eBay Inc. does business throughout the states of Missouri, California, and the nation.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. § 1331.

9. eBay operates an interactive, for-profit website at which persons residing in this district can buy and sell goods.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) and L.R. 3.2(a)(3)(b) and 3.2(b)(3).

## FACTUAL BACKGROUND

11. According to the Survey of Income and Program Participation ("SIPP") conducted by the U.S. Census Bureau, there are approximately 1 million deaf persons and nearly 10 million hard of hearing persons in the United States.

## FACTS RELATING TO EBAY

12. In 2009, eBay Inc. reported revenue of $8.7 billion and income of $2.4 billion.

13. Despite making billions of dollars annually, eBay has not implemented a system that allows deaf or hard of hearing persons to register as sellers with eBay.

14. In order to register as a seller with eBay, one must provide eBay with a phone number. eBay then calls that number to verify the identity of the registering individual. During the vocal verification process, eBay's automated system speaks a password or PIN to the prospective eBay seller. The prospective eBay seller then enters the PIN online to complete the registration process.

15. Because deaf and hard of hearing persons are not able to verify their identities or receive PINs via telephone, eBay's verification system discriminates against deaf and hard of hearing persons in violation of the ADA and the DPA.

### FACTS RELATING TO PLAINTIFF EARLL

16. Plaintiff is diagnosed as profoundly deaf, the most severe categorization of deafness. The categories of deafness in increasing order of severity are mild, moderate, moderately severe, severe, and profound.

17. On June 23, 2008, Plaintiff unsuccessfully attempted to register to sell certain items via eBay.com.

18. During the online registration process, after completing the description for the item(s) she wished to sell on eBay, she was prompted to provide a phone number to eBay for vocal identity verification.

19. Because Plaintiff cannot hear, she is not able to verify her identity or receive a PIN via telephone. eBay provided Plaintiff with no alternative means of identity verification.

20. Plaintiff clicked on the "Live Help" feature on the product listing page to inquire about an alternative to receiving a telephone call for verifying her identity. Rather than provide

an alternative means, the eBay representative with whom Ms. Earll communicated, Shannon C., instructed Plaintiff to have a hearing person answer the phone for her in order to complete the registration process. Alternatively, the eBay representative suggested that Plaintiff write to eBay's Trust and Safety team to request the block on her account be removed without voice verification.

21. Plaintiff grudgingly accepted the suggestion to write to the Trust and Safety team in order to communicate to eBay that as a result of being deaf she needed to confirm her identity via an alternative means.

22. On June 23, 2008, Plaintiff wrote to the eBay Trust & Safety team via email to request that the block on her account be removed so that she could complete the registration process and begin selling items on eBay.

23. On June 24, 2008, Plaintiff received a seemingly automated response to her email from Randy S. at eBay Customer Support. The response did not in any way relate to the voice verification process or her request to have the block on her account removed. The response referred to a "page not responding error."

24. On June 30, 2008, Plaintiff replied to the nonresponsive response and reiterated the nature of her situation and request.

25. On July 3, 2008, Plaintiff received a response from Henry Y., an eBay Customer Support Representative. Henry Y. apologized and provided to Plaintiff an internet link at which Henry Y. told her she would be able to verify her identity through the "Live Help" function at which time eBay would provide her with the PIN necessary to complete the registration process.

26. On July 7, 2008, Plaintiff followed Henry Y.'s instructions and attempted to verify her identity through the "eBay Account Security Live Help!"

27. During her live chat session on July 7, an eBay representative identified as Necia unsuccessfully attempted to register Plaintiff. Another eBay representative, Shayne, then informed Plaintiff that eBay would only verify her identity by phone. "The system is designed for us to send your PIN through a phone call. I apologize but we will not be able [to] use a different method Melissa. . . . We can give you a PIN through a phone call. Some account restrictions or issues can only be solved through a phone [sic] call and is one of those case [sic] Melissa." Shayne then reiterated the suggestion that Plaintiff enlist the help of a hearing person to answer the phone for her, even after she reminded Shayne that she is an independent adult who lives alone.

28. On July 7, 2008, Plaintiff emailed eBay Customer Support again to inform them that eBay's suggested method of verifying her identity via live chat with eBay Account Security did not work.

29. On July 13, 2008, Plaintiff received a form email from the eBay Account Security Team prompting Plaintiff to use the Live Help function to solve any problems. The email was not directed toward her specific issue.

30. Plaintiff responded to this latest unhelpful email and reiterated her specific concerns in no uncertain terms.

31. On August 4, 2008, Plaintiff received a response via email from Lily M. of eBay Customer Support. Lily M. advised Ms. Earll that she forwarded Plaintiff's email to the "appropriate team."

32. The August 4, 2008 email marked the end of Plaintiff's attempts to register as a seller with eBay until December 2009.

33. Plaintiff again unsuccessfully attempted to register to sell items on eBay.com in or about December 2009. This attempt was unsuccessful for the same reason described above: she was required to verify her identity by telephone.

34. Plaintiff was never able to register with eBay as a seller and thus prevented from using eBay's services solely because of her disability.

### EBAY'S VERIFICATION SYSTEM IS NEEDLESSLY DISCRIMINATORY

35. eBay has taken affirmative steps to discriminate against deaf and hard of hearing persons by creating a system that they cannot use. The basis of this suit is not that eBay has passively failed to accommodate deaf and hard of hearing persons. Rather, the basis of the suit is that eBay has gone out of its way to design a system that deaf and hard of hearing persons cannot use.

36. By creating a seller registration system that solely utilizes sound, eBay has erected a barrier to its website that screens out deaf and hard of hearing persons.

37. What makes eBay's discriminatory conduct all the more galling is that solutions to this problem are easy and inexpensive to implement—solutions being used by thousands of companies online. eBay simply needs to implement a seller registration system that utilizes PINs presented visually and aurally.

38. One example of visual verification is the CAPTCHA method used by countless other websites. This is the method by which website users are required to visually decipher obscured letters and numbers. CAPTCHA is an acronym for "Completely Automated Public Turing test to tell Computers and Humans Apart." The purpose of a CAPTCHA is to verify that a human is operating the website and not another computer.

39. CAPTCHAs may also provide audio options for blind persons.

40. Rather than implement visual and audio CAPTCHAs (or any other available method) to verify sellers, eBay has chosen to discriminate against persons who are deaf or hard of hearing.

## CLASS ALLEGATIONS

41. Plaintiff Earll brings this action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of herself and a class of similarly situated persons: *all persons who are deaf or hard of hearing in the United States who have attempted to register as sellers with eBay and as a result have been prevented from doing so because of eBay's telephone voice verification system.* Excluded from the Class are Defendant, their legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

42. The Class consists of thousands of individuals and other entities, making joinder impractical.

43. The claims of Plaintiff are typical of the claims of all of the other members of the Class.

44. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

45. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common

questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

46.     eBay has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

47.     The factual and legal bases of eBay's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and all of the other members of the Class.  Plaintiff and the other members of the Class have all suffered harm as a result of eBay's wrongful conduct.

48.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following: whether eBay's conduct described herein violates the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and 12182(b)(2)A)(i)-(iv); whether eBay's conduct described herein violates the DPA, Cal. Civ. Code §§ 54 *et seq.*; and, whether eBay's conduct described herein violates the California Unfair Competition Law ("UCL").

## FIRST CAUSE OF ACTION

### Declaratory Judgment that eBay's Conduct Violates the ADA

### (on behalf of Plaintiff and the Class)

49.     Plaintiff incorporates by reference the foregoing allegations.

50.     Plaintiff and eBay have adverse legal interests.  There is a substantial controversy between Plaintiff and eBay of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.  Plaintiff desires a judicial determination of their respective rights and duties, and a declaration that eBay, by not providing deaf and hard of hearing persons with a means to register to sell items via eBay, violated and continues to violate the ADA, 42 U.S.C. §§ 12181, *et seq*. as to Plaintiff and all deaf and hard of hearing persons.

51.     Plaintiff seeks a declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 that eBay's conduct described herein violates the ADA, 42 U.S.C. §§ 12181, *et seq*.

## SECOND CAUSE OF ACTION

**Violation of the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and (b)(2)(A)(i)-(iv)**

**(on behalf of Plaintiff and the Class)**

52.     Plaintiff incorporates by reference the foregoing allegations.

53.     Section 12182(a) of the ADA states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

54.     Sections 12181(7)(D) & (E) defines private entities, like eBay, as places of public accommodation to include a "place of public gathering" and "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment" when they affect commerce.  Section 12181(7) does not expressly limit places of public accommodation to brick-and-mortar operations, nor does it expressly preclude Internet-based operations.

55.     Section 12181(1) defines commerce as "travel, trade, traffic, commerce, transportation, or communication—among the several States; between any foreign country or

any territory or possession and any State; or between points in the same State but through another State or foreign country."

56. eBay describes itself in the following manner:

> With more than 90 million active users globally, eBay is the world's largest online marketplace, where practically anyone can buy and sell practically anything. Founded in 1995, eBay connects a diverse and passionate community of individual buyers and sellers, as well as small businesses. Their collective impact on e-commerce is staggering: In 2009, the total worth of goods sold on eBay was $60 billion -- $2,000 *every second*.

57. As a for-profit entity facilitating $60 billion in sales of goods annually in and among the several States and internationally, eBay affects commerce, as defined in 42 U.S.C. § 12181(1).

58. As "the world's largest online marketplace, where practically anyone can buy and sell practically anything" and by "connect[ing] a diverse and passionate community," eBay is a "place of public gathering," as well as a "shopping center" as defined in 42 U.S.C. §§ 12181(7)(D) & (E).

59. eBay lists its categories of items for sale at http://shop.ebay.com/allcategories/all-categories.  These categories include "Clothing, Shoes & Accessories" and "Tools & Home Improvement," among dozens of others, which correlate to the "clothing store" and "hardware store" definitions in 42 U.S.C. § 12181(7)(E).  And with tens of millions of items for sale at any given moment, eBay is the epitome of a "shopping center, or other sales or rental establishment," as defined in § 12181(7)(E).

60. Accordingly, eBay is a "place of public accommodation," as defined in 42 U.S.C. §§ 12181(7) & 12182(a).

61. Sections 12182(b)(1)(A)(i)-(iii) state in relevant part that it shall be discriminatory to deny participation to, require participation of an unequal benefit, or provide a separate benefit to an individual or a class of individuals on the basis of a disability or disabilities.

62. Section 12182(b)(2)(A)(i) states that discrimination includes "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability from fully and equally enjoying the goods, services, facilities, privileges, advantages, or accommodations unless necessary for the provision" thereof.

63. eBay violates this section by imposing upon would-be eBay sellers a registration process that screens out or tends to screen out deaf and hard of hearing persons.

64. Section 12182(b)(2)(A)(ii) states that discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . "

65. eBay violates this section by failing to make reasonable accommodations to its registration process necessary to afford deaf and hard of hearing persons access to eBay's services, facilities, privileges, advantages, and accommodations.

66. Section 12182(b)(2)(A)(iii) states that discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . "

67. eBay violates this section by failing to take the necessary steps to ensure that deaf and hard of hearing persons are not excluded, denied services, segregated, or treated differently during the seller registration process.

68. Section 12182(b)(2)(A)(iv) states that discrimination includes "a failure to remove . . . communication barriers . . . where such removal is readily achievable."

69. eBay violates this section by failing to remove communication barriers—namely the voice verification system—from the seller registration process.

### THIRD CAUSE OF ACTION

**Violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54,** *et seq.*

**(on behalf of Plaintiff and the Class)**

70. Plaintiff incorporates by reference the foregoing allegations.

71. The Disabled Persons Act ("DPA") states that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including . . . places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(a)(1).

72. eBay.com constitutes a "public place" within the meaning of the DPA.

73. By denying access to eBay's selling services to deaf and hard of hearing persons, eBay, as a California business, is denying Plaintiff and Class members full and equal access to the accommodations, advantages, and facilities of eBay.com.

74. Section 54(c) states that "[a] violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

75. As alleged above, eBay is violating the ADA; thus, it is—for this reason alone—violating the DPA.

76. Plaintiff and Class members are entitled to injunctive relief to remedy the discrimination.

77. Under § 54.3, Plaintiff and Class members are entitled to statutory damages for each offense, plus attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the California Unfair Competition Law, Cal. Civ. Code §§ 17200,** *et seq.*

**(on behalf of Plaintiff and the Class)**

78. Plaintiff incorporates by reference the foregoing allegations.

79. Cal. Bus. & Prof. Code § 17200 proscribes unfair business competition and defines this to include any unfair, unlawful, or fraudulent business practice or act.

80. Defendant's acts and practices as alleged herein constitute unlawful and/or unfair business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq*.

81. Defendant engaged in unlawful business practices by, as alleged herein, violating the ADA and the DPA.

82. Defendant engaged in unfair business practices by, as alleged herein:

    a. engaging in conduct where the utility of that conduct is outweighed by the discriminatory consequences to Plaintiff and the Class;

    b. engaging in conduct that, by its discriminatory nature, is reckless, unconscionable, or substantially injurious to Plaintiff and the Class;

    c. engaging in conduct that undermines or violates the stated policies underlying the ADA and the DPA, which seek to protect individuals from discrimination on the basis of disability.

83. As a direct and proximate result of eBay's unlawful and/or unfair business practices and conduct, Plaintiff and the other members of the Class have suffered injury in fact by being denied full and equal access to eBay's services on the basis of their disabilities.

84. Plaintiff, on behalf of herself and the Class, seeks individual restitution, injunctive relief and other relief allowed under § 17200, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. A preliminary and permanent injunction prohibiting eBay from violating the ADA;

B. A preliminary and permanent injunction prohibiting eBay from violating the DPA;

C. A preliminary and permanent injunction requiring eBay to make the seller registration process readily accessible to and usable by deaf and hard of hearing persons;

D. Declare that eBay created its seller registration process in a manner that discriminates against deaf and hard of hearing persons and fails to provide access for persons disabilities, as required by law;

E. An order certifying this case as a class action on behalf of the Class defined above; appointing Melissa J. Earll as class representative; and appointing her counsel as class counsel;

F. Declare that eBay's conduct, as set out above, violates the California UCL, Cal. Bus. & Prof. Code § 17200;

G. Award of the maximum statutory damages allowed by law;

H. Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

I. Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

J. Enter injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Class; and,

K. Award such other and further relief as equity and justice may require.

## JURY TRIAL

85. Plaintiffs demand a trial by jury for all issues so triable.

DATED:   January 22, 2010                Respectfully submitted,

/s/  Williams G. Crowe #46416

Law Offices of Bill Crowe, MBA, JD, LC
3259 East Sunshine, Suite I
Springfield, MO  65804-2143
417 883-8000  fax 888 335-4611
Wcrowe1415@gmail.com

EDELSON MCGUIRE, LLC
Jay Edelson
Michael J. Aschenbrener
Christopher L. Dore
350 N. LaSalle St., Suite 1300
Chicago, IL  60654
Telephone:    312-589-6370
Fax:              312-589-6378
jedelson@edelson.com
maschenbrener@edelson.com
cdore@edelson.com

*Attorneys for Plaintiff Melissa J. Earll*