
**E-Filed 9/7/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MELISSA J. EARLL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>eBAY, INC. a Delaware corporation,<br><br>Defendant. | Case Number 5:11-cv-00262-JF (HRL)<br><br>**ORDER[1] DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Re: Docket No. 47] |

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Melissa J. Earll ("Earll") seeks leave to file her first amended complaint ("FAC") in order to withdraw her claim under the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("the UCL") and to add a claim under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh"). Defendant eBay, Inc. ("eBay") opposes the motion, asserting that amendment would be futile. The Court having considered the parties' submissions and oral arguments of counsel presented at the hearing on August 5, 2011, the motion will be denied without prejudice.

## I. BACKGROUND

Earll, who is hearing impaired, brings this putative class action against eBay, asserting that eBay's seller verification system is inaccessible to the deaf community. Compl. ¶ 15. She

---

[1] This disposition is not designated for publication in the official reports.

alleges that she attempted to register as a seller on eBay.com but was unable to do so because eBay required that she verify her identity through an automated, telephonic verification process. *Id*. ¶¶ 16-34. As a resident of Missouri, Earll filed the putative class action on March 16, 2010, in the Western District of Missouri. In her original complaint Earll asserts claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("the ADA"), the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.* ("the DPA"), and the UCL. As explained above, the proposed FAC would add an Unruh Act claim and withdraw Earll's claim for relief under the UCL. In addition, it would supplement Earll's ADA and DPA claims with additional information.

On January 19, 2011, the case was transferred to this district. Subsequently, eBay filed a motion to dismiss the original complaint, and a hearing was set for May 13, 2011. By the parties' stipulation, the hearing date was vacated in order that the Court could hear the instant motion for leave to amend before ruling on the motion to dismiss.

## II. LEGAL STANDARD

Fed. R. Civ. P. 15(a) provides that "[t]he court should freely give leave when justice so requires." Absent any "apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 thus embraces "the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Id*. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). In short, the policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Undue delay, standing alone, is insufficient to justify denial of a motion for leave to amend. *Id*. at 758.

## III. ANALYSIS

### A. Standing

As a preliminary matter, eBay contends that as an out-of-state resident, Earll cannot seek the relief provided by the DPA and the Unruh Act. In response, Earll relies on a recent decision in *Valentine v. NebuAd*, 08-cv-5113 (THE), 2011 WL 1296111 (N.D. Cal. Apr. 4, 2011), which held that out-of-state residents may bring actions against in-state residents under California statutes when the statute provides relief to "all persons" generally. eBay asserts that *Valentine* directly contradicts long-standing authority from the California Supreme Court, holding that all California statutes shall be interpreted to provide relief only for California residents unless otherwise stated. *N. Alaska Salmon Co. v. Pillsbury*, 162 P. 93, 94 (1916).

Here, public policy weighs in favor of allowing Earll to pursue her state law claims. Earll is litigating in California only because eBay sought to transfer the action from Earll's home state of Missouri. Moreover, in moving for transfer of venue, eBay relied upon the forum selection clause in its user agreement, which provides that the agreement "be governed in all respects by the laws of the State of California as they apply to agreements entered into and to be performed entirely within California by California residents." Armbruster Decl. ISO Mot. to Dismiss or Alternatively to Transfer Venue, Ex. B, Dkt. 15.

### B. Futility

eBay argues that the motion must be denied because amendment would be futile. According to eBay, Earll's DPA claim and her proposed Unruh Act claim both fail because they are wholly derivative of her ADA claim, which itself is not actionable because the eBay website is not a place of public accommodation within the meaning of the ADA. Title III of the ADA prohibits discrimination in public accommodations. In order to prevail on a discrimination claim under Title III, a plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied a public accommodation by the defendant because of her disability. *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). Under controlling Ninth Circuit authority, "places of public accommodation" under the

1  ADA are limited to actual physical spaces. *Weyer v. Twentieth Century Fox Film Corp.*, 198
2  F.3d 1104, 1114 (9th Cir. 2000). Thus, eBay is correct in arguing that the ADA cannot afford a
3  remedy to Earll in this case.
4        However, this conclusion does not render the action meritless. Earll may be able to
5  pursue her remaining claims if they are asserted as independent claims separate from the alleged
6  ADA violations. The Unruh Act provides that, "[a]ll persons within the jurisdiction of this state
7  are free and equal, and no matter what their ... disability . . . are entitled to the full and equal
8  accommodations, advantages, facilities, privileges, or services in all business establishments of
9  every kind whatsoever." Cal. Civ. Code § 51(b). The DPA guarantees that "[i]ndividuals with
10 disabilities shall be entitled to full and equal access, as other members of the general public, to
11 accommodations, advantages, facilities, . . . places of public accommodation, amusement, or
12 resort, and other places to which the general public is invited." *Id.* at § 54.1(a)(1).
13       A violation of the Unruh Act may be maintained independent of an ADA claim where a
14 plaintiff pleads "intentional discrimination in public accommodations in violation of the terms of
15 the Act." *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 668 (2009) (quoting *Harris v. Capital
16 Growth Investors XIV*, 52 Cal.3d 1142, 1175 (1991)). An independent DPA claim requires a
17 showing that accessibility regulations promulgated under California law exceed those set by the
18 ADA. Cal. Civ. Code § 54.1(a)(3); *See Urhausen v. Longs Drug Stores Cal., Inc.*, 155
19 Cal.App.4th 254, 263 (2007) (holding that "full and equal access" is defined by § 54.1 to mean
20 access that complies with the regulations developed under the ADA, or under state statutes, if the
21 latter impose a higher standard."). Both the Unruh Act and the DPA apply to websites "as a kind
22 of business establishment and an accommodation, advantage, facility, and privilege of a place of
23 public accommodation, respectively. No nexus to . . . physical [places] need be shown."
24 *National Federation of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1196 (N.D. Cal. 2007).
25       Earll contends that her DPA and Unruh Act claims are not derivative of her ADA claim.
26 She maintains that on its face the DPA imposes a higher burden on eBay than does the ADA
27 because the language of the DPA "is broader than that of the ADA." *Id.* However, the DPA is
28 not a freestanding statute. To succeed on a DPA claim, a plaintiff must point to separate

4

Case No. 5:11-cv-00262 JF (HRL)
ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFLC1)

California state regulations that prescribe higher accessibility standards than the ADA. *Id.* at 1207. Nor can an alleged violation of the Unruh Act, by itself, support a DPA claim. The Unruh Act does not establish standards for accessibility; rather it amounts to a prohibition against discrimination generally. In order to state an independent DPA claim, Earll would need to allege in effect a particular provision or regulation under California law that "requires higher standards of website accessibility than the ADA. . ." *Id.*

With respect to her Unruh Act claim, Earll argues that she has pled intentional discrimination sufficiently. In the proposed FAC, she alleges that eBay affirmatively discriminates against the deaf and that "eBay has gone out of its way to design a system that deaf and hard of hearing persons cannot use." FAC ¶ 40. She also alleges that eBay refuses to implement "easy and inexpensive" solutions "being used by thousands of companies online." *Id.* ¶ 42. However, these allegations are conclusory and lack the requisite factual support to make out a plausible claim for intentional discrimination. Although Earll alleges multiple instances of one-on-one contact with eBay in which eBay representatives suggested that she "enlist the help of a hearing person," these allegations are offset by other alleged communications in which eBay representatives informed her that she "would be able to verify her identity through the 'Live Help' function [on eBay's website]." *Id.* ¶¶ 20, 25, 27, 29, 31.

That Earll did not succeed in verifying her identity through these alternative means does not reasonably imply that eBay was unwilling or unable to remedy the situation. As described in the proposed pleading, eBay's actions do not necessarily amount to an intentional denial of access to a public accommodation. An amended complaint setting forth additional specificity is needed.

//
//
//
//
//
//

### IV. ORDER

There is no indication that Earll's proposed amendments reflect any measure of bad faith or undue delay. Nor can eBay credibly claim that any substantial prejudice would result from such amendments. Accordingly, the motion for leave to file a first amended complaint is DENIED WITHOUT PREJUDICE. Earll shall file an amended complaint consistent with this order not later than thirty (30) days from the date of this order. The pending motion to dismiss is hereby terminated as moot.

**IT IS SO ORDERED**.

DATED: September 6, 2011

_____
JEREMY FOGEL
United States District Judge

Case No. 5:11-cv-00262 JF (HRL)
ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFLC1)