MICHAEL J. ASCHENBRENER (277114)
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, California 94107
Telephone: (415) 813-6245
Fax: (415) 813-6246

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MELISSA J. EARLL, individually and on behalf of all others similarly situated, | ) Case No. 5:11-cv-262-EJD |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT FOR:** |
| | ) |
| v. | ) 1.  Violations of the Americans with |
| | )     Disabilities Act, 42 U.S.C. §§ 12182; |
| EBAY INC., a Delaware corporation, | ) 2.  Violations of the California Disabled |
| | )     Persons Act, Cal. Civ. Code §§ 54, *et* |
| Defendant. | )     *seq.*; and, |
| | ) 3.  Violations of the California Unruh |
| | )     Civil Rights Act, Cal. Civ. Code |
| | )     §§ 51, *et seq.* |
| | ) |
| | ) CLASS ACTION |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| | ) Original Complaint filed: March 16, 2010 |

Plaintiff, by and through her attorneys, upon personal knowledge as to herself and her own acts and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Melissa J. Earll, a profoundly deaf person, brings this action on behalf of herself and all others similarly situated against defendant eBay Inc. ("eBay" or "Defendant") for eBay's unlawful practice of excluding persons who are deaf or hard of hearing from selling items on eBay.com.

2.      eBay requires sellers to verify their identities in order to sell items on eBay.com. To do so, eBay places an automated phone call to the would-be seller during the online registration process and requires the would-be seller to verify her identity by listening to a spoken PIN code or password and then inputting that PIN code or password online.

3.      Plaintiff, as a deaf person, cannot hear PIN codes spoken over the telephone. eBay does not offer an alternative method of identity verification despite Plaintiff's repeated requests to accommodate her on account of her disability, and despite readily available alternative verification tools and technologies. As a result of eBay's intentionally discriminatory conduct, Plaintiff is not able to verify her identity with eBay and is thus not able to sell items on eBay.

4.      Accordingly, eBay has violated and continues to violate the American with Disabilities Act ("ADA"), the California Disabled Persons Act ("DPA"), and the California Unruh Civil Rights Act with respect to deaf and hard of hearing persons.

## PARTIES

5.      Plaintiff Melissa J. Earll is a resident of the city of Nevada in Vernon County, Missouri.

6.      Defendant eBay Inc. is the world's self-described largest online marketplace with 94 million registered users buying and selling $62 billion worth of goods annually. eBay

Inc. is a Delaware corporation headquartered in San Jose, California. eBay Inc. does business throughout the state of California, and the nation.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. § 1331.

8.    Personal jurisdiction and venue are proper because eBay is a corporation headquartered in Santa Clara County and/or because the improper conduct alleged herein occurred in, was directed from, and/or emanated or exported from California.

## FACTUAL BACKGROUND

9.    According to the Survey of Income and Program Participation ("SIPP") conducted by the U.S. Census Bureau, there are approximately 1 million deaf persons and nearly 10 million hard of hearing persons in the United States.

## FACTS RELATING TO EBAY

10.    In 2010, eBay Inc. reported revenue of $9.2 billion and income of $1.8 billion.

11.    Despite making billions of dollars annually, eBay has not implemented a system that allows deaf or hard of hearing persons to register as sellers with eBay.

12.    In order to register as a seller with eBay, one must provide eBay with a phone number. eBay then calls that number to verify the identity of the registering individual. During the aural verification process, eBay's automated system speaks a password or PIN to the prospective eBay seller. The prospective eBay seller then enters the PIN online to complete the registration process.

13.    At all times relevant, eBay has not provided an alternative to automated, aural telephone use for deaf or hard of hearing persons.

14.    Because deaf and hard of hearing persons are not able to verify their identities

2

1    or receive PINs via telephone, eBay's verification system discriminates against deaf and hard

2    of hearing persons in violation of the ADA, the DPA, and the Unruh Civil Rights Act.

3        15.    eBay's User Agreement, which it unilaterally drafted, states in relevant part:

4               Law and Forum for Legal Disputes - This Agreement shall be
5               governed in all respects by the laws of the State of California as
                they apply to agreements entered into and to be performed entirely
6               within California between California residents, without regard to
                conflict of law provisions. You agree that any claim or dispute you
7               may have against eBay must be resolved exclusively by a state or
                federal court located in Santa Clara County, California, except as
8               otherwise agreed by the parties or as described in the Arbitration
                Option paragraph below. You agree to submit to the personal
9               jurisdiction of the courts located within Santa Clara County,
10              California for the purpose of litigating all such claims or disputes.

11       16.    Per eBay's User Agreement, Plaintiff's agreement with eBay and her

12   interactions with eBay are subject to California law.

13       17.    Per eBay's User Agreement, Plaintiff is to be treated as a resident of

14   California for purposes of all legal disputes, including this lawsuit.

15       18.    eBay successfully relied on this clause in moving to transfer this case from the

16   U.S. District Court for the Western District of Missouri to the present court, the U.S. District

17   Court for the Northern District of California.

18       19.    eBay should be judicially estopped from arguing that California laws do not

19   apply to this dispute or to Plaintiff.  Having formally taken the position in this case that its

20   "Law and Forum for Legal Disputes" provision applies to this matter and to Plaintiff, eBay

21   may not now assert an inconsistent position.

22       20.    eBay.com is not an Internet-only business; it also provides a nexus to physical

23   locations. eBay stated in a recent press release that "eBay.com now offers consumers a one-

24   stop destination for deals, both online and in [brick-and-mortar] stores nearby. Through Milo

25   integration, consumers have even more choice now, with access to millions of products from

26

27

28

FIRST AMENDED COMPLAINT                          3                                11-cv-262-EJD

approximately 50,000 stores across all 50 states in the U.S."[1] The press release continues: "eBay shoppers can now use a new local shopping tab to check a product's local, or in-store, availability directly from the eBay search results page. In addition product pages for several product categories include a local shopping tab so shoppers can find the exact product they want, whether it's online or at a local retailer near them." The release concludes: "[r]etailers have been thrilled with the local shopping features on eBay, which really help drive more people into their stores to buy products."

21.     All of this is part of eBay's Local initiative, which allows consumers to use eBay to shop online and in physical stores.[2]

22.     In other words, Internet-based and local store-based shopping are fully integrated throughout eBay.com. As a result, eBay.com is not merely an Internet business, but also an extension of thousands of physical stores throughout the country. eBay expressly and literally serves as a nexus between the online and offline shopping worlds. Accordingly, there is no longer a distinction on eBay.com between buying online and in the physical world—it is all one.

23.     By discriminating against deaf and hard of hearing persons in their use of eBay.com, eBay discriminates against those persons in their use of online places of public accommodation and physical places of public accommodation.

**FACTS RELATING TO PLAINTIFF EARLL**

24.     Plaintiff is diagnosed as profoundly deaf, the most severe categorization of deafness. The categories of deafness in increasing order of severity are mild, moderate, moderately severe, severe, and profound.

---

[1] eBay's Local Shopping Experts Discuss New Local Initiatives, http://www.ebayinc.com/press_releases#ebays_local_shopping_experts_discuss_new, April 21, 2011, last accessed on October 5, 2011.

[2] http://www.ebay.com/local, last accessed on October 5, 2011.

25.     On June 23, 2008, Plaintiff unsuccessfully attempted to register to sell certain items via eBay.com.

26.     During the online registration process, after completing the description for the item(s) she wished to sell on eBay, she was prompted to provide a phone number to eBay so that eBay could place an automated phone call to Plaintiff to verify her identity. During that call, a computer would speak a PIN code or password, which the listener would then input online.

27.     Because Plaintiff cannot hear, she is not able to verify her identity or receive a PIN via telephone. eBay provided Plaintiff with no alternative means of identity verification, despite her requests.

28.     Plaintiff, with no prompting by eBay to do so, clicked on the "Live Help" feature on the product listing page to inquire via live Internet chat about an alternative to receiving a telephone call for verifying her identity. The eBay representative, Shannon C., did not provide an alternative means for Plaintiff to verify her identity.

29.     On June 23, 2008, Plaintiff wrote to the eBay Trust & Safety team via email to request that the block on her account be removed so that she could complete the registration process and begin selling items on eBay.

30.     On June 24, 2008, Plaintiff received a seemingly automated response to her email from Randy S. at eBay Customer Support. The response did not in any way relate to the voice verification process or her request to have the block on her account removed. The response referred to a "page not responding error."

31.     On July 7, 2008, Plaintiff attempted to verify her identity through the "eBay Account Security Live Help!" During her live chat session on July 7, an eBay representative identified as Shayne informed Plaintiff that eBay would only verify her identity by phone. "The system is designed for us to send your PIN through a phone call. I apologize but we will not be able [to] use a different method Melissa. . . . We can give you a PIN through a phone call. Some account restrictions or issues can only be solved through a phone call and is

[sic] one of those case [sic] Melissa."

32.     On July 7, 2008, Plaintiff emailed eBay Customer Support again to request an alternative means of identity verification so that she could complete the seller registration process.

33.     On July 13, 2008, Plaintiff received a form email from the eBay Account Security Team prompting Plaintiff to use the Live Help function (which had already failed her) to solve any problems. The generic email was not directed toward and did not reference her specific issue.

34.     Plaintiff responded to this latest unhelpful email and reiterated her disability and specific concerns in no uncertain terms.

35.     On August 4, 2008, Plaintiff received a response via email from Lily M. of eBay Customer Support. Lily M. advised Ms. Earll that she forwarded Plaintiff's email to the "appropriate team." Ms. Earll never heard from the appropriate team. In fact, Ms. Earll never heard from anyone at all at eBay regarding this matter.

36.     Plaintiff again unsuccessfully attempted to register to sell items on eBay.com in or about December 2009. This attempt was unsuccessful for the same reason described above: she was required but unable on account of her disability to verify her identity by telephone.

37.     Plaintiff was never able to register with eBay as a seller and thus prevented from using eBay's services solely because of her disability. Plaintiff was never provided any reason other than her disability for being prevented from registering as a seller.

38.     Plaintiff's interactions with eBay regarding her disability demonstrate the intentional nature of eBay's discrimination toward Plaintiff and Class members.

39.     All of Plaintiff's interactions with eBay took place within the state of California.

**EBAY'S VERIFICATION SYSTEM IS INTENTIONALLY DISCRIMINATORY**

40.     eBay has taken affirmative steps to discriminate against deaf and hard of hearing persons by creating a system that they cannot use. The basis of this suit is not that eBay has passively failed to accommodate deaf and hard of hearing persons. Rather, the basis of the suit is that eBay has gone out of its way to design a system that deaf and hard of hearing persons cannot use. In short, eBay intentionally discriminates against deaf and hard of hearing persons.

41.     By creating a seller registration system that requires hearing ability and that provides no alternative, eBay has erected a barrier to its website that screens out or tends to screen out deaf and hard of hearing persons.

42.     What makes eBay's discriminatory conduct all the more galling is that solutions to this problem are readily available. eBay simply needs to implement a seller registration system that utilizes PINs presented visually and aurally.

43.     For example, upon information and belief, chase.com, a website for JPMorgan Chase & Co., requires registration and identity verification for use of certain parts of its website. Like eBay, chase.com requires authentication within the website and outside of the website. While eBay's off-website authentication is only phone call-based, chase.com allows users to choose from phone calls, text messages, and emails for off-website authentication.

44.     In all likelihood, eBay could fix the disability access problems alleged herein by implementing a system similar to that used by chase.com: allow the registering seller to choose whether to receive a phone call, a text message, or an email for off-site identity verification. This method even serves both deaf and visually impaired users. eBay's unwillingness to utilize readily available systems to accommodate deaf and hard of hearing users further demonstrates eBay's discriminatory intent.

**CLASS ALLEGATIONS**

45.     Plaintiff Earll brings this action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2),

and 23(b)(3) on behalf of herself and a class of similarly situated persons: *all persons who are deaf or hard of hearing in the United States who have attempted to register as sellers with eBay and as a result have been prevented from doing so because of eBay's telephone aural verification system.* Excluded from the Class are Defendant, their legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

46.     The Class consists of thousands of individuals and other entities, making joinder impractical.

47.     The claims of Plaintiff are typical of the claims of all of the other members of the Class.

48.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

49.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

50.     eBay has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

51.     The factual and legal bases of eBay's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as

1   a result of eBay's wrongful conduct.

2        52.    There are many questions of law and fact common to the claims of Plaintiff

3   and the other members of the Class, and those questions predominate over any questions that

4   may affect individual members of the Class. Common questions for the Class include but are

5   not limited to the following: whether eBay's conduct described herein violates the ADA, 42

6   U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and 12182(b)(2)A)(i)-(iv); whether eBay's conduct

7   described herein violates the DPA, Cal. Civ. Code §§ 54 *et seq*.; and, whether eBay's

8   conduct described herein violates the California Unruh Civil Rights Act, Cal. Civ. Code

9   §§ 51 *et seq*.

10

11   **FIRST CAUSE OF ACTION**

12   **Violation of the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i)-(iii) and (b)(2)(A)(i)-(iv)**

13   **(on behalf of Plaintiff and the Class)**

14        53.    Plaintiff incorporates by reference the foregoing allegations.

15        54.    Section 12182(a) of the ADA states:

16               No individual shall be discriminated against on the basis of

17               disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place

18               of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

19

20        55.    Sections 12181(7)(D) & (E) defines private entities, like eBay, as places of

21   public accommodation to include a "place of public gathering" and "a bakery, grocery store,

22   clothing store, hardware store, shopping center, or other sales or rental establishment" when

23   they affect commerce. Section 12181(7) does not expressly limit places of public

24   accommodation to brick- and-mortar operations, nor does it expressly preclude Internet-

25   based operations.

26        56.    Section 12181(1) defines commerce as "travel, trade, traffic, commerce,

27   transportation, or communication—among the several States; between any foreign country or

28

any territory or possession and any State; or between points in the same State but through

another State or foreign country."

57.     eBay describes itself in the following manner:

> With more than 94 million active users globally, eBay is the
> world's largest online marketplace, where practically anyone can
> buy and sell practically anything. Founded in 1995, eBay connects
> a diverse and passionate community of individual buyers and
> sellers, as well as small businesses. Their collective impact on e-
> commerce is staggering: In 2010, the total worth of goods sold on
> eBay was $62 billion -- more than $2,000 *every second*.

58.     As a for-profit entity facilitating $62 billion in sales of goods annually in and

among the several States and internationally, eBay affects commerce, as defined in 42 U.S.C.

§ 12181(1).

59.     As "the world's largest online marketplace, where practically anyone can buy

and sell practically anything" and by "connect[ing] a diverse and passionate community,"

eBay is a "place of public gathering," as well as a "shopping center" as defined in 42 U.S.C.

§§ 12181(7)(D) & (E).

60.     eBay lists its categories of items for sale at

http://shop.ebay.com/allcategories/all-categories. These categories include "Clothing, Shoes

& Accessories" and "Tools & Home Improvement," among dozens of others, which correlate

to the "clothing store" and "hardware store" definitions in 42 U.S.C. § 12181(7)(E). And

with tens of millions of items for sale at any given moment, eBay is the epitome of a

"shopping center, or other sales or rental establishment," as defined in § 12181(7)(E).

61.     Accordingly, eBay is a "place of public accommodation," as defined in 42

U.S.C. §§ 12181(7) & 12182(a).

62.     Sections 12182(b)(1)(A)(i)-(iii) state in relevant part that it shall be

discriminatory to deny participation to, require participation of an unequal benefit, or provide

a separate benefit to an individual or a class of individuals on the basis of a disability or

disabilities.

63.     Section 12182(b)(2)(A)(i) states that discrimination includes "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability from fully and equally enjoying the goods, services, facilities, privileges, advantages, or accommodations unless necessary for the provision" thereof.

64.     eBay violates this section by imposing upon would-be eBay sellers a registration process that screens out deaf and hard of hearing persons.

65.     Section 12182(b)(2)(A)(ii) states that discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . "

66.     eBay violates this section by failing to make reasonable accommodations to its registration process necessary to afford deaf and hard of hearing persons access to eBay's services, facilities, privileges, advantages, and accommodations.

67.     Section 12182(b)(2)(A)(iii) states that discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . "

68.     eBay violates this section by failing to take the necessary steps to ensure that deaf and hard of hearing persons are not excluded, denied services, segregated, or treated differently during the seller registration process.

69.     Section 12182(b)(2)(A)(iv) states that discrimination includes "a failure to remove . . . communication barriers . . . where such removal is readily achievable."

70.     eBay violates this section by failing to remove communication barriers—namely the aural verification system—from the seller registration process despite the availability of readily achievable alternatives.

71.     As alleged herein, eBay facilitates offline shopping as well as the online shopping for which it is so well known. At eBay.com, offline and online shopping are

inextricably linked. Thus, eBay prevents Plaintiff on account of her being deaf from selling both online and offline/locally via eBay.com. In other words, eBay's discriminatory conduct limits Plaintiff's access to both online places of public accommodation and places of public accommodation in the physical world.

## SECOND CAUSE OF ACTION

### Violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.*

### (on behalf of Plaintiff and the Class)

72.     Plaintiff incorporates by reference the foregoing allegations.

73.     The Disabled Persons Act ("DPA") states that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including . . . places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(a)(1).

74.     Section 54.1(a)(3) states that "'full and equal access,' for purposes of this section in its application to transportation, means access that meets the standards of Titles II and III of the Americans with Disabilities Act of 1990 and federal regulations adopted pursuant thereto, except that, if the laws of this state prescribe higher standards, it shall mean access that meets those higher standards." (Citations omitted.)

75.     The DPA does not otherwise define "full and equal access" for applications other than transportation.

76.     Regardless, "the laws of this state prescribe higher standards" than the ADA because the DPA and the Unruh Act both have been interpreted to apply to websites even absent a nexus to physical locations, while the ADA has been interpreted by some courts to require a nexus between websites and physical locations.

77.     Section 54.1(a)(3) does not state that higher standards than the ADA apply only if prescribed by state laws *other* than the DPA. In other words, the DPA itself may

FIRST AMENDED COMPLAINT                                                          11-cv-262-EJD

1    prescribe higher standards that eBay must meet.

2         78.    The DPA and the Unruh Act are the two exclusive state laws regulating

3    disability access for private entities applicable to this case. Thus, there are no other statutes

4    or regulations on which the DPA may rely in this case.

5         79.    Both the DPA and the Unruh Act require disability access for websites to

6    which the general public is invited.

7         80.    The "general public is invited" to sell on eBay.com. As eBay itself states,

8    eBay.com is the place "where practically anyone can buy and sell practically anything."

9    eBay.com thus constitutes a "public place" within the meaning of the DPA. Thus, the DPA

10   and the Unruh Act require that eBay.com be accessible to deaf and hard of hearing persons.

11        81.    Deafness and hardness of hearing are disabilities as defined in Cal. Govt.

12   Code § 12926.

13        82.    By denying access to eBay's selling services to deaf and hard of hearing

14   persons, eBay, as a California business, is denying Plaintiff and Class members full and

15   equal access to the accommodations, advantages, and facilities of eBay.com in violation of

16   the DPA.

17        83.    Additionally, Section 54(c) states that "[a] violation of the right of an

18   individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also

19   constitutes a violation of this section."

20        84.    As alleged above, eBay is violating the ADA; thus, it is—for this separate and

21   independent reason from those articulated above—also violating the DPA. For the sake of

22   clarity, Plaintiff alleges both ADA-independent and ADA-dependent violations of the DPA.

23        85.    Plaintiff and Class members are entitled to injunctive relief to remedy the

24   discrimination.

25        86.    Section 54.3 explicitly states that "*any* person denied any of the rights

26   provided in Sections 54, 54.1, and 54.2" (emphasis added) may bring suit.

27        87.    Under § 54.3, Plaintiff and Class members are entitled to actual damages,

28

1    treble damages, and statutory damages for each offense, plus attorneys' fees.

2

3                          **THIRD CAUSE OF ACTION**

4    **Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.***

5                        **(on behalf of Plaintiff and the Class)**

6        88.    Plaintiff incorporates by reference the foregoing allegations.

7        89.    Cal. Civ. Code § 51(b) states:

8               All persons within the jurisdiction of this state are free and equal,
                and no matter what their sex, race, color, religion, ancestry,
9               national origin, disability, medical condition, marital status, or
                sexual orientation are entitled to the full and equal
10              accommodations, advantages, facilities, privileges, or services in
11              all business establishments of every kind whatsoever.

12       90.    Cal. Civ. Code § 51.5(a) states:

13              No business establishment of any kind whatsoever shall
                discriminate against, boycott or blacklist, or refuse to buy from,
14              contract with, sell to, or trade with any person in this state on
                account of any characteristic listed or defined in subdivision (b) or
15              (e) of Section 51, or of the person's partners, members,
                stockholders, directors, officers, managers, superintendents,
16              agents, employees, business associates, suppliers, or customers,
                because the person is perceived to have one or more of those
17              characteristics, or because the person is associated with a person
18              who has, or is perceived to have, any of those characteristics.

19       91.    Cal. Civ. Code § 51.5(b) defines "person" to include "any person, firm,

20   association, organization, partnership, business trust, corporation, limited liability company,

21   or company.

22       92.    Deafness and hardness of hearing are disabilities as defined in Cal. Govt.

23   Code §§ 12926 and 12926.1.

24       93.    By denying access to eBay's selling services to deaf and hard of hearing

25   persons, eBay is denying Plaintiff and Class members full and equal access to the

26   accommodations, advantages, and facilities, privileges, or services of eBay.com in violation

27   of § 51.

28
     _____
     FIRST AMENDED COMPLAINT                    14                      11-cv-262-EJD

94.     By discriminating against Plaintiff on account of her disability, eBay is violating § 51.5.

95.     eBay is a "business establishment" within the meaning of § 51. Selling services on eBay.com are inaccessible to deaf and hard of hearing patrons. This inaccessibility denies deaf and hard of hearing patrons full and equal access to the facilities, goods, and services that eBay makes available to the non-disabled public. eBay is violating the Unruh Act in that eBay is denying deaf and hard of hearing customers the ability to sell on eBay.com. Upon information and belief, these violations are ongoing.

96.     eBay's actions constitute intentional discrimination against the class on the basis of a disability in violation of the Unruh Act in that: eBay has constructed a website that is inaccessible to Plaintiff and Class members; maintains the website in this inaccessible form; and has failed to take actions to correct these barriers even after being notified of the discrimination that such barriers cause.

97.     Additionally, § 51(f) states that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

98.     As alleged above, eBay is violating the ADA; thus, it is—for this separate and independent reason from those articulated above—also violating § 51. For the sake of clarity, Plaintiff alleges both ADA-independent and ADA-dependent violations of the Unruh Act.

99.     Section 52 explicitly states that "*any* person denied the rights provided in Section 51, 51.5, or 51.6" (emphasis added) may bring suit.

100.    Under § 52(a), Plaintiff and Class members are entitled to actual damages (both special and general damages), treble damages, and statutory damages for each and every offense, plus attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following

relief:

    A.    A preliminary and permanent injunction prohibiting eBay from violating the ADA;

    B.    A preliminary and permanent injunction prohibiting eBay from violating the DPA;

    C.    A preliminary and permanent injunction prohibiting eBay from violating the Unruh Civil Rights Act;

    D.    A preliminary and permanent injunction requiring eBay to make the seller registration process readily accessible to and usable by deaf and hard of hearing persons;

    E.    Declare that eBay created its seller registration process in a manner that discriminates against deaf and hard of hearing persons and fails to provide access for persons disabilities, as required by law;

    F.    An order certifying this case as a class action on behalf of the Class defined above; appointing Melissa J. Earll as class representative; and appointing her counsel as class counsel;

    G.    Award of the maximum actual damages allowed by law;

    H.    Award of the maximum treble damages allowed by law;

    I.    Award of the maximum statutory damages allowed by law;

    J.    Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

    K.    Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

    L.    Enter injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Class; and,

    M.    Award such other and further relief as equity and justice may require.

**JURY TRIAL**

101.   Plaintiff demands a trial by jury for all issues so triable.

Dated: October 5, 2011                               Respectfully submitted,


                                                     s/ Michael Aschenbrener
                                                     Michael Aschenbrener
                                                     ASCHENBRENER LAW, P.C.

1

**CERTIFICATE OF SERVICE**

2

3          The undersigned certifies that, on October 5, 2011, he caused this document to be

4   electronically filed with the Clerk of Court using the CM/ECF system, which will send

5   notification of filing to counsel of record for each party.

6

7   Dated: October 5, 2011                            ASCHENBRENER LAW, P.C.

8

9                                                     By: s/ Michael Aschenbrener
                                                         Michael Aschenbrener
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT                    18                          11-cv-262-EJD