United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELISSA J. EARLL,<br><br>    Plaintiff,<br><br>  v.<br><br>EBAY INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 5:11-CV-00262-EJD

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS FIRST
AMENDED COMPLAINT**

**(Re: Docket No. 66)**

Presently before the court is Defendant eBay Inc.'s ("eBay") Motion to Dismiss the First
Amended Complaint ("FAC") filed by Plaintiff Melissa J. Earll ("Earll"), on behalf of herself and
all others similarly situated. See Docket No. 66. Earll filed written opposition to the motion. See
Docket No. 68. The court found this matter suitable for decision without oral argument pursuant to
Civil Local Rule 7-1(b) and previously vacated the hearing date. Subject matter jurisdiction in this
court arises pursuant to 28 U.S.C. § 1331. Personal jurisdiction and venue are proper because eBay
is a corporation headquartered in Santa Clara County. Having fully reviewed the moving, opposing
and reply papers filed by the parties, the court has determined eBay's motion should be
GRANTED for the reasons described below.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The allegations contained in this section are taken largely from the FAC. Earll, a Missouri
resident who is deaf, attempted to use eBay's selling services on June 23, 2008. FAC, Docket No.

63, ¶¶ 24-25. Earll alleges she was unable to register as an eBay seller because eBay's seller registration process includes a telephone verification component. <u>Id.</u> ¶¶ 26-27. For over six weeks, Earll repeatedly told eBay that she was deaf and that the procedures employed by eBay prevented her from registering as a seller. <u>Id.</u> ¶¶ 25-37. Earll participated in several "live chat" sessions and exchanged many emails with eBay representatives where she communicated with eBay representatives over the Internet, but none accommodated her request to register as a seller using an alternate means of verification. <u>Id.</u> ¶¶ 28, 31. Earll alleges eBay intentionally discriminated against hearing-impaired persons by creating a verification system they cannot use. <u>Id.</u> ¶ 40.

Earll filed the putative class action on March 16, 2010 in the Western District of Missouri. In her original complaint, Earll asserted claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.* ("DPA").[1] <u>See</u> Docket No. 1. While the case was pending in Missouri, eBay moved to dismiss the case, or alternatively sought to transfer venue to the Northern District of California. <u>See</u> Docket Nos. 14-17. On January 4, 2011, the court in Missouri granted eBay's motion to transfer venue, denied eBay's motion to dismiss as moot, and ordered the case transferred to the Northern District of California. <u>See</u> Docket No. 28. After transfer to this court, eBay moved again to dismiss the case on April 8, 2011. <u>See</u> Docket No. 45.

Thereafter, Earll moved for leave to file an amended complaint, which advanced claims under the ADA and DPA, and also sought to add a claim under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh Act"). <u>See</u> Docket No. 47. Judge Fogel denied Earll's motion for leave to amend without prejudice, and dismissed eBay's then-pending motion to dismiss as moot. Order, Docket No. 61, at 6:4-7. In denying Earll's motion to file an amended complaint, Judge Fogel held that (1) the ADA could not afford a remedy to Earll in this case because eBay.com is not a place of public accommodation, but (2) Earll may be able to state an independent claim under the Unruh Act if she sufficiently pleaded intentional discrimination and (3) Earll may be able to

---

[1] Earll also filed a claim under the Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*, which she later withdrew in her FAC.

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

state independent claims under the DPA if she alleged a violation of a California law that requires higher standards of website accessibility than the ADA. Order at 3:18-5:22. Earll had not done so in her proposed amended complaint, but Judge Fogel granted Earll leave to file an amended complaint consistent with his order.

On October 5, 2011, Earll filed her FAC alleging violations of the ADA, the DPA, and the Unruh Act.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Moreover, anything beyond the pleadings generally may not be examined. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). But "material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "A district court's failure to consider the relevant factors and

**United States District Court**
For the Northern District of California

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." Id.

### III. DISCUSSION

**A.     Violation of the ADA**

To prevail on a discrimination claim under Title III of the ADA, a plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied a public accommodation by the defendant because of her disability. Ariz. ex. rel. Goddard v. Harkins Amusement Enters., 603 F.3d 666, 670 (9th Cir. 2010).

In denying Earll's motion to amend, Judge Fogel found that, "[u]nder controlling Ninth Circuit authority, 'places of public accommodation' under the ADA are limited to actual physical spaces. Weyer v. Twentieth Century Fox Film Corp., 198 2 F.3d 1104, 1114 (9th Cir. 2000). Thus, eBay is correct in arguing that the ADA cannot afford a remedy to Earll in this case." Order at 3:28-4:3. Judge Fogel granted Earll leave to file an amended complaint consistent with his Order.

Despite Judge Fogel's Order, Earll alleged an ADA violation in the FAC. In opposing this motion to dismiss, Earll argues that Judge Fogel misinterpreted Weyer, or, alternatively, Weyer was incorrectly decided.

The ADA claim in the FAC is inconsistent with Judge Fogel's Order and therefore exceeded the scope of Earll's leave to amend the complaint. Additionally, Earll's attempt to re-litigate whether eBay.com is a place of public accommodation is, in effect, a motion for reconsideration, which is not properly before the Court. See Civil L.R. 7–9; Wehlage v. EmpRes Healthcare Inc., 821 F. Supp. 2d 1122, 1134 (N.D. Cal. 2011) (observing that "attempts to re-litigate . . . the merits . . . are, in effect, motions for reconsideration . . . ." and rejecting arguments on grounds that movant had failed to seek leave under Civ. L.R. 7-9(a)). Therefore, eBay's motion to dismiss the ADA claim is GRANTED. Because Earll will not be able to overcome the fact that the ADA does not apply to eBay.com by amending her complaint, leave to amend is not appropriate.

4

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

United States District Court
For the Northern District of California

**B.      Violation of the DPA**

The DPA provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . and privileges of all common carriers, . . . modes of transportation . . . , places of public accommodation, . . . and other places to which the general public is invited . . . ." Cal. Civ. Code §§ 54, 54.1(a)(1).

Judge Fogel recognized that Earll could still assert a DPA claim independent of her ADA claim, but to do so she "would need to allege in effect a particular provision or regulation under California law that requires higher standards of website accessibility than the ADA." Order at 5:4-6 (internal citation and quotations omitted). "The DPA is not a freestanding statute. To succeed on a DPA claim, a plaintiff must point to separate California state regulations that prescribe higher accessibility standards than the ADA." Id. at 4:27-5:1

Contrary to Judge Fogel's Order, Earll did not allege a particular California provision or regulation requiring higher standards of website accessibility than the ADA in the FAC. Rather, Earll argues that Judge Fogel misinterpreted the DPA and that the DPA is a freestanding statute, which does not require a DPA claim be based on a separate California statute.

The DPA claim in the FAC is inconsistent with Judge Fogel's Order and therefore exceeded the scope of Earll's leave to amend the complaint. Additionally, Earll's attempt to re-litigate whether the DPA requires that a plaintiff point to separate California state regulations that prescribe higher accessibility standards than the ADA is, in effect, a motion for reconsideration, which is not properly before the Court. See Civil L.R. 7–9(a); Wehlage, 821 F. Supp. 2d at 1134. If Earll seeks reconsideration Judge Fogel's Order regarding this issue, she must comply with Civil Local Rule 7-9. Therefore, eBay's motion to dismiss the DPA claim is GRANTED. Because Earll also alleges that "there are no other statutes or regulations on which the DPA may rely in this case," leave to amend would be futile.

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

**D.     Violation of the Unruh Act**

The Unruh Civil Rights Act provides that "[a]ll person within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To plead an Unruh Act violation independent of an ADA claim, a plaintiff must allege "intentional discrimination in public accommodations in violation of terms of the Act.' " <u>Munson v. Del Taco, Inc.</u>, 46 Cal. 4th 661, 668 (2009) (quoting <u>Harris v. Capital Growth Investors XIV</u>, 52 Cal. 3d 1142, 1175 (1991)). The California Supreme Court has concluded that the Act requires allegations of "willful, affirmative misconduct," and that a plaintiff must allege more than the disparate impact of a facially neutral policy on a particular group. <u>See Koebke v. Bernardo Heights Country Club</u>, 36 Cal.4th 824, 854–54 (2005).

First, Earll argues that intentional discrimination may not be required to plead an independent Unruh Act violation. Judge Fogel previously held that "[a] violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act.' " Order at 4:13-15. Judge Fogel denied Earll's motion to amend because Earll had not sufficiently pleaded facts showing intentional discrimination. <u>Id.</u> at 5:7-22. Earll's attempt to re-litigate whether intent is a necessary element of an independent Unruh Act violation is essentially a motion for reconsideration, which is not properly before the Court, and therefore this argument fails.

Additionally, Earll argues that she has sufficiently pleaded intentional discrimination. Judge Fogel rejected Earll's previous attempt to plead an Unruh Act claim because Earll's allegations that "eBay has gone out of its way to design a system that deaf and hard of hearing persons cannot use" and refused to implement "easy and inexpensive" solutions "being used by thousands of companies online" were "[c]onclusory and lack[ed] the requisite factual support to make out a plausible claim for intentional discrimination." <u>Id.</u> at 5:7-13. Judge Fogel further observed that Earll's allegations that she was told by eBay representatives to "enlist the help of a hearing person" were offset by "other alleged communications in which eBay representatives informed her that she 'would be able

6

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   to verify her identify through the Live help function [on eBay's website]' " Id. at 5:13-17. Judge

2   Fogel concluded: "That Earll did not succeed in verifying her identity through these alternative

3   means does not reasonably imply that eBay was unwilling or unable to remedy the situation" and

4   that "[a]s described in [Earll's] proposed pleading, eBay's actions did not necessarily amount to an

5   intentional denial of access to a public accommodation." Id. at 5:18-21.

6       Similar to Earll's proposed complaint, the FAC acknowledges that eBay generally

7   "requires sellers to verify their identities in order to sell items on eBay.com" by "plac[ing] an

8   automated phone call to the would-be seller" and "requir[ing] the would-be seller to verify her

9   identify by listening to a spoken PIN code or password and then inputting that PIN code or

10  password online." FAC ¶ 2. According to the FAC, eBay intentionally discriminated against Earll

11  based on her disability by "construct[ing] a website that is inaccessible to [Earll] and Class

12  members; maintain[ing] the website in this inaccessible form; and [failing] to take actions to

13  correct these barriers even after being notified of the discrimination that such barriers cause." [1] Id. ¶

14  96.

15      Earll's allegations describe a facially neutral verification process with a disparate impact on

16  the deaf community, but they do not demonstrate intentional discrimination. Furthermore, the fact

17  that Earll contacted eBay's customer service and unsuccessfully requested to have eBay's

18  otherwise applicable procedures modified is not sufficient to state a plausible claim of intentional

19  discrimination. FAC ¶¶ 27-35; Young v. Facebook, Inc., 790 F. Supp. 2d 1110, 1116 (N.D. Cal.

20  2011) (dismissing Unruh Act claim where plaintiff alleged that Facebook customer service was

21  difficult to use but did not allege that "Facebook treated her differently *because* of her disability,

22  nor . . . that Facebook applies its policies in a way that *targets* individuals with disabilities."). In

23

24  [1] eBay argues that even if Earll pleads intentional discrimination, Earll's Unruh Act claim still must
    be dismissed because no modification can be required of its website. Specifically, eBay argues that
25  the Unruh Act applies to websites as a kind of business establishment and neither section 51 nor
    51.5 of the Unruh Act shall be construed to "require any . . . modification of any sort . . . beyond
26  [those] that [are] otherwise required by other provisions of law, to any new or existing
    establishment . . . ." Cal Civ Code §§ 51(d) and 51.5(c). Assuming *arguendo* that Sections 51(d)
27  and 51.5(c) applies to websites, eBay has not demonstrated that correcting the alleged barriers to
    accessing its website would require that eBay.com be modified. Thus, eBay's argument that the
28  FAC be dismissed on this basis fails.

7

United States District Court
For the Northern District of California

opposition to this motion, Earll argues that eBay designed and maintained its verification process in this manner in order to accomplish its goal of discrimination and that she also has a viable Unruh Act claim for discriminatory application. The FAC, however, does not allege facts supporting these potential theories of intentional discrimination.

Thus, Earll does not sufficiently plead intentional discrimination. Therefore, eBay's motion to dismiss Earll's Unruh Act claim IS GRANTED WITH LEAVE TO AMEND.

## IV. ORDER

Based on the foregoing, eBay's Motion to Dismiss the FAC is GRANTED WITHOUT LEAVE TO AMEND as to Earll's ADA and DPA claims. eBay's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND as to Earll's Unruh Act claim. Any amended complaint must be filed no later than 30 days from the filing of this order.

IT IS SO ORDERED.

Dated: August 8, 2012

_____
EDWARD J. DAVILA
United States District Judge

Case No. 5:11-cv-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT