IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELISSA J. EARLL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>EBAY INC., a Delaware corporation,<br><br>    Defendant.<br>_____/ | NO. 5:11-cv-00262-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re: Docket Item No. 78] |

**I.   INTRODUCTION**

This case concerns the inability of Plaintiff Melissa Earll ("Plaintiff"), who is deaf, to successfully register with Defendant eBay ("Defendant") as a seller because eBay's seller registration process includes a telephone verification component. Plaintiff repeatedly informed Defendant that she was deaf and communicated with Defendant's representatives via email and chat sessions regarding her difficulty with the registration process, but nevertheless was unable to successfully register as a seller using an alternate means of verification. Plaintiff alleges that Defendant intentionally discriminated against hearing-impaired persons by creating a seller verification system that they cannot use.

Plaintiff filed this putative class action on March 16, 2010 in the Western District of Missouri, asserting claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), and the California Disabled Persons Act, Cal. Civ. Code §§ 54, et seq. ("DPA"). On January 4, 2011 this case was transferred to this district and assigned to Judge Fogel. After transfer, Defendant moved to dismiss the case. Plaintiff then filed for leave to file an amended complaint, which set forth claims under the ADA and the DPA and sought to add a claim under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq. ("Unruh Act"). Judge Fogel issued an order on September 6, 2011 denying Planitiff's motion for leave to amend without prejudice, and dismissing Defendant's

motion to dismiss as moot ("the Order").

In denying Plaintiff's motion for leave to file an amended complaint, the Order held that (1) the ADA could not afford a remedy to Plaintiff because Defendant is not a place of public accommodation, but (2) Plaintiff may be able to state an independent claim under the Unruh Act if she sufficiently pled intentional discrimination, and (3) Plaintiff may be able to state independent claims under the DPA if she alleged a violation of a California law that requires higher standards of website accessibility than the ADA. Judge Fogel granted Plaintiff leave to file an amended complaint consistent with his order.

Plaintiff's case was reassigned to this court on September 26, 2011. On October 5, 2011, Plaintiff filed her first amended complaint ("FAC") alleging violations of the ADA, the DPA, and the Unruh Act. Defendant moved to dismiss the FAC. After considering the parties' briefing, this court found that (1) Plaintiff's ADA claim exceeded the scope of Judge Fogel's order granting leave to amend her complaint, (2) Plaintiff failed to allege any particular California provision or regulation requiring higher standards of website accessibility than the ADA in the FAC, and thus exceeded the scope of her leave to amend the complaint as granted by Judge Fogel, and (3) Plaintiff failed to sufficiently plead intentional discrimination on her Unruh Act claim. The court dismissed the complaint with leave to amend.

Plaintiff now seeks leave to file a motion of reconsideration of Judge Fogel's order. Plaintiff argues that reconsideration of the Order is necessary both because a "material difference in law exists from that which was presented to the Court before the entry of the Order" and "the Court manifestly failed to consider dispositive legal arguments." The court has reviewed this matter in its entirety. For the reasons explained below, the motion will be denied.[1]

## II. LEGAL STANDARD

Plaintiff brings this motion pursuant to Civil Local Rule 7-9. That rule states:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in the case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by

---

[1] This disposition is not intended for publication in the official reports.

2
Case No. 5:11-cv-00262-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

In requesting leave of court, the moving party must at the very least do two things. First, the party must make a specific showing supporting one of the following bases:

(1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civ. L.R. 7-9(b).

Second, the party must accomplish the appropriate showing without repeating any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). Doing so subjects that party to the possibility of sanctions. Id.

### III. DISCUSSION

Plaintiff argues that reconsideration is appropriate as to her ADA claim because "a material difference in law exists from that which was presented to the Court before the entry of the Order." Plaintiff expressly reserved argument concerning whether eBay.com is a place of public accommodation under the ADA, choosing to save such argument for her opposition to Defendant's motion to dismiss. On that basis, Plaintiff now argues that there exists a difference in law from what was presented to Judge Fogel before the Order and what is now before this court. Plaintiff misunderstands the "material difference in fact or law" requirement of L.R. 7-9(b)(1). This rule does not allow for reconsideration merely on the basis that a party chose to not present a particular legal argument at the time of the interlocutory order. Rather, the party seeking leave for reconsideration must show that "in the exercise of reasonable diligence" it "did not know" the asserted new law at the time of the interlocutory order. Id. Here, Plaintiff clearly knew the law, as she reserved argument on it for the motion to dismiss stage. Leave to file for reconsideration will not be granted merely because a party regrets its choices in prior briefing.

3
Case No. 5:11-cv-00262-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Next, Plaintiff argues that reconsideration is appropriate as to her DPA claim because the Order "manifestly failed to consider dispositive legal arguments" regarding whether the DPA is a freestanding statute. There is no evidence that the court failed to consider Plaintiff's arguments. The Order reiterates the argument Plaintiff presented in her briefing, examines an authority she relied upon, and simply disagrees with Plaintiff's contention.

Finally, Plaintiff argues that new authority applicable to her Unruh Act claim has arisen since the time of the Order. The new authority cited by Plaintiff is a case from the Northern District of California. While this court may look to district court cases for guidance, such cases are not binding. See, e.g. Starbuck v. City and County of San Francisco, 556 F.2d 450, n. 13 (9th Cir. 1977). Therefore, this new case does not constitute "new authority" for purposes of a motion for leave to file a motion for reconsideration.

## IV. ORDER

Based on the foregoing, Plaintiff's Motion for Leave to File a Motion for Reconsideration of the Order filed on September 6, 2011, is DENIED.

**IT IS SO ORDERED.**

Dated: September 20, 2012



EDWARD J. DAVILA
United States District Judge