**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELISSA J. EARLL, | Case No.: 5:11-CV-00262-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | |
| EBAY INC., | |
| Defendant. | **[Re: Docket No. 80]** |

Presently before the court is Defendant eBay Inc.'s ("Defendant") Motion to Dismiss and Strike Plaintiff Melissa J. Earll's ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and personal jurisdiction and venue are proper because Defendant is a corporation headquartered in Santa Clara County. Having fully reviewed the parties' briefing, the court GRANTS Defendant's Motion to Dismiss. Because the court grants dismissal with prejudice, Defendant's Motion to Strike is moot.

1

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

**United States District Court**
For the Northern District of California

1

**I.      BACKGROUND**

2              The background of this case was thoroughly presented in this court's Order granting

3      Defendant's Motion to Dismiss First Amended Complaint, and is repeated only to the extent it is

4      applicable to the present motion.  See Dkt. No. 76.  Plaintiff, a Missouri resident who is deaf, filed

5      this putative class action on March 16, 2010 in the Western District of Missouri alleging violations

6      of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") and the California

7      Disabled Persons Act, Cal. Civ. Code §§ 54 et seq. ("DPA").  See Dkt. No. 1.  Plaintiff based these

8      claims on assertions that she, as a deaf individual, was unable to register as an eBay seller because

9      Defendant failed to provide her with an accommodation to its telephonic identity verification

10     policy.

11             The case was transferred to this district in January 2011 and assigned to Judge Jeremy

12     Fogel.  See Dkt. Nos. 30, 34.  After transfer, Plaintiff moved for leave to file an amended

13     complaint.  Dkt. No. 47.  The proposed amended complaint maintained Plaintiff's original claims

14     and added a claim under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq. ("Unruh Act").

15     Judge Fogel denied Plaintiff's motion for leave to amend without prejudice, finding that (1) the

16     ADA could not afford a remedy to Plaintiff because eBay.com is not a place of public

17     accommodation, but (2) Plaintiff may be able to state an independent claim under the Unruh Act if

18     she sufficiently pleaded intentional discrimination, and (3) Plaintiff may be able to state

19     independent claims under the DPA if she alleged a violation of a California law that requires higher

20     standards of website accessibility than the ADA.  Dkt. No. 61 at 3:18-5:22.  Judge Fogel granted

21     Plaintiff leave to file an amended complaint consistent with his Order.  Id.

22             This case was transferred from Judge Fogel to this court on September 27, 2011.  See Dkt.

23     No. 62.  On October 5, 2011, Plaintiff filed her FAC alleging violations of the ADA, the DPA, and

24     the Unruh Act.  Dkt. No. 63. Defendant moved to dismiss Plaintiff's FAC on October 19, 2011.

25     Dkt. No. 66.   This court granted Defendant's motion, dismissing all of Plaintiff's claims.  Dkt. No.

26     76. The ADA and DPA claims were dismissed with prejudice because Plaintiff's complaint

27     exceeded the scope of Judge Fogel's Order with respect to these claims.  In regards to the Unruh

28

2

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1   Act claim, this court found that "[Plaintiff's] allegations describe a facially neutral verification

2   process with a disparate impact on the deaf community, but they do not demonstrate intentional

3   discrimination.  Furthermore, the fact that [Plaintiff] contacted eBay's customer service and

4   unsuccessfully requested to have eBay's otherwise applicable procedures modified is not sufficient

5   to state a plausible claim of intentional discrimination."  Having highlighted the flaws in Plaintiff's

6   Unruh Act claim, this court dismissed it with leave to amend.

7        Plaintiff filed her SAC on September 6, 2012, leaving her ADA and DPA claims "to

8   preserve a potential appeal," and modifying her Unruh Act claim. Dkt. No. 77.  Defendant filed its

9   Motion to Dismiss the SAC on September 20, 2012.  Dkt. No. 80.  The court now turns to this

10  motion.

11       **II.     LEGAL STANDARD**

12       Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the

13  complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and

14  the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

15  (internal quotations omitted).   A complaint which falls short of the Rule 8(a) standard may be

16  dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

17  Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only

18  where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

19  cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th

20  Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether

21  the complaint is sufficient to state a claim, the court must accept as true all of the factual

22  allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a

23  complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

24  accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

25  U.S. at 570).

26

27

28

*United States District Court*
*For the Northern District of California*

3

Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

**United States District Court**
For the Northern District of California

1

**III.     DISCUSSION**

2        Because the court previously dismissed Plaintiff's ADA and DPA claims with prejudice,

3    the Unruh Act claim is the only remaining cause of action susceptible to dismissal.  The Unruh Act

4    provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter

5    what their ... disability ... are entitled to the full and equal accommodations, advantages, facilities,

6    privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code §

7    51(b).  To maintain an Unruh Act claim independent of an ADA claim, Plaintiff must allege

8    "intentional discrimination in public accommodations in violation of terms of the Act.'" <u>Munson</u>

9    <u>v. Del Taco, Inc.</u>, 46 Cal.4th 661, 668 (2009) (quoting <u>Harris v. Capital Growth Investors XIV</u>, 52

10   Cal. 3d 1142, 1175 (1991)).  To state a claim for intentional discrimination Plaintiff must allege

11   "willful, affirmative misconduct," which constitutes more than a disparate impact of a facially

12   neutral policy on a particular group. <u>Koebke v. Bernardo Heights Country Club</u>, 36 Cal.4th 824,

13   854 (2005).

14       In her SAC, Plaintiff removes certain allegations contained in her FAC that this court found

15   offset her intentional discrimination claim.  In their place Plaintiff includes new allegations

16   regarding an in-person meeting she had with eBay's counsel after the filing of this lawsuit.

17   Particularly, Plaintiff now alleges that after that meeting, in which surely her identity was verified,

18   Defendant "still refuses to allow Plaintiff to register as an eBay seller." Dkt. No. 77 ¶ 93.  The

19   only "plausible conclusion," according to Plaintiff, is that Defendant "is intentionally

20   discriminating against Plaintiff on account of her disability." <u>Id.</u>  Alternatively, Plaintiff suggests

21   that Defendant is "no longer applying its policies to achieve its stated purpose of preventing

22   fraud"—because Defendant has now verified Plaintiff's identity in person, nullifying the possibility

23   of fraud—but rather is applying its policies "to discriminate against Plaintiff." <u>Id.</u>

24       Defendant contends that Plaintiff's SAC fails to state a claim for intentional discrimination

25   under the Unruh Act because Plaintiff's allegations still only describe a facially neutral policy that

26   has a disparate impact on her.  Taking the SAC on its face, this court agrees.  That Defendant has

27   failed to register Plaintiff as a seller even after meeting her is not, without more, sufficient to

28
                                                    4
Case No.: 5:11-CV-00262-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1    constitute the "willful, affirmative misconduct" required to state a claim of intentional

2    discrimination under the Unruh Act.

3         In dismissing Plaintiff's Unruh Act claim in her FAC, this court noted that Plaintiff's

4    complaint lacked facts supporting her potential theories of intentional discrimination.  Plaintiff has

5    failed to remedy this deficiency in her SAC.  The absence of supporting factual allegations is fatal

6    to Plaintiff's claim.  Particularly, Plaintiff has not alleged that she affirmatively sought to register

7    as a seller after this meeting, nor has she included any allegations that Defendant specifically

8    denied any renewed request she may have made.  More importantly, Plaintiff has failed to include

9    any allegations suggesting that Defendant's refusal or failure to register her as a seller after their

10   meeting was related to her disability.  While Plaintiff alleges that her disability is the "only

11   plausible explanation," the court simply is not persuaded by this conclusory contention.  See

12   Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law

13   and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a

14   claim."); accord Iqbal, 555 U.S. at 677–80.  In fact, any number of factors could have contributed

15   to Defendant's failure to register Plaintiff as a seller.

16        Plaintiff cannot satisfy Rule 8's requirements by simply alleging that (1) she is deaf, (2) she

17   notified Defendant that its seller verification procedure discriminated against deaf persons, (3)

18   Defendant had the opportunity to verify her identity, but (4) Defendant nevertheless failed to

19   register her as a seller.  Rather, she must include some allegation firmly connecting her disability to

20   Defendant's refusal to register her as a seller.  In a similar case in this district, Young v. Facebook,

21   Inc., a plaintiff suffering from bipolar disorder claimed that Facebook had intentionally

22   discriminated against her by terminating her account and addressing her concerns with automated

23   responses instead of with real human interaction, which would have been capable of assisting

24   persons with mental disabilities.  Young v. Facebook, Inc., 790 F.Supp.2d 1110, 1116 (N.D. Cal.

25   2011).  The court in that case dismissed the plaintiff's Unruh Act claim, explaining that despite her

26   vivid description of the difficulty she encountered with Facebook's customer service system as a

27   result of her disability, she had not alleged that Facebook had treated her differently because of her

28
United States District Court
For the Northern District of California

5

United States District Court
For the Northern District of California

1    disability.   Likewise here, without an allegation tying Defendant's failure to register Plaintiff as a

2    seller to her hearing impairment, Plaintiff has failed to allege that eBay intentionally treated her

3    differently because of her disability and her claim thus must be dismissed.

4        Plaintiff has now attempted to plead this claim three times and has received guidance from

5    both Judge Fogel and this court as to the deficiencies in her claim as pleaded.  Because Plaintiff has

6    still failed to allege the necessary intentional discrimination the court finds any further attempts to

7    amend would be futile. <u>See</u> <u>Duma v. Kipp</u>, 90 F.3d 386, 393 (9th Cir. 1996) (affirming district

8    court's dismissal without leave to amend because Plaintiff had filed four complaints "and yet

9    continued to allege insufficient facts").  Therefore, Plaintiff's Unruh Act claim will be dismissed

10   with prejudice.

11   **IV.    CONCLUSION**

12       For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Second

13   Amended Complaint with prejudice.  Because the remaining causes of action in Plaintiff's

14   complaint have already been dismissed with prejudice, the complaint is dismissed in its entirety.

15   Defendant's Motion to Strike is therefore moot.  Judgment will be entered in favor of Defendant.

16   The clerk of the court shall close this file.

17   **IT IS SO ORDERED**

18   Dated: December 20, 2012

19                                              _____

20                                              EDWARD J. DAVILA
                                                United States District Judge

21

22

23

24

25

26

27

28
                                                    6
     Case No.: 5:11-CV-00262-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
     COMPLAINT